

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable H. D. Garrett
County Attorney
Rains County
Emory, Texas

Dear Sir:

Opinion No. O-6360

Re: Assessor and Collector of Taxes
is authorized under Article
7261, V. A. C. S., to reserve
only his commissions for col-
lecting taxes before payment
to County Treasurer of all
taxes collected for the coun-
ty, and he should be paid for
assessing taxes as directed
by Article 3938, V. A. C. S.;
and County Treasurer is en-
titled to his commission on
the fees paid to the Assessor
and Collector of Taxes for
assessing.

We have received your recent request for an opinion,
which we quote as follows:

"It has been the practice here for the
Assessor-Collector to withhold his commission,
both as assessor and as collector, before turning
over the money to the County Treasurer. The
court has then issued a warrant on the County
Treasury for the amount of the assessor's com-
mission, and the treasurer uses this as a re-
ceipt and disbursement and figures his commis-
sion on this collection and disbursement, which
in fact has never been handled by him. The ques-
tion of the legality of this practice came to me
on an audit of the county accounts.

"Prior to the combination of the offices of
Collector and assessor Article 3938 provided that
the compensation of the assessor should be paid
on order of the Commissioners Court drawn on the
County Treasurer.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable H. D. Garrett, Page 2

"Art. 7261, Sec. 3, provides that the collector shall pay over the collections, 'after reserving his commissions for collecting the same.'

"I find no provision of law for withholding the compensation of the Assessor-Collector other than those cited.

"Question: Does Art. 3937, and the statutes and constitution combining the offices, repeal, by implication, Art. 3938, and modify Art. 7261 so as to authorize the Assessor-Collector to withhold his compensation for assessing?

"(2) If the compensation is withheld, and not handled by the Treasurer, may the Commissioners' Court allow an account for the funds already withheld so as to authorize the County Treasurer to show an entry on his records and receive a commission on funds not actually handled?"

Rains County has a population of 7,334, according to the 1940 Federal Census, and from the question submitted we assume that it is operating on a fee basis.

Article 7246, Vernon's Annotated Civil Statutes, provides as follows:

"In each county having less than ten thousand (10,000) inhabitants, the sheriff of such county shall be the Assessor and Collector of Taxes, and shall have and exercise all the rights, powers and privileges, be subject to all the requirements and restrictions, and perform all the duties imposed by law upon assessors and collectors; and he shall also give the same bonds required of an assessor and collector of taxes elected."

Article 7181a, V. A. C. S., provides as follows:

"Hereafter, whenever the words 'Assessor', 'Assessor of Taxes', 'Collector,' 'Collector of Taxes', or 'Tax Collector' are used, either in Articles 7181 to 7359, inclusive, of Title 122 of the 1925 Revised Civil Statutes of Texas, including all amendments thereto, as well as the

Honorable H. D. Garrett, Page 3

Revised Code of 1925, including all amendments, being known as the 1925 Revised Civil Statutes of Texas, same shall be applicable to and mean the one office or officer of Assessor and Collector of Taxes, and shall be so construed as to accomplish the object and intent and carry out the purpose of Sections 14 and 16 of Article 8, of the Texas Constitution, as the same was amended on November 8, 1932."

Article 7250, V. A. C. S., provides as follows:

"Except as to compensation due such tax collector as shown by his approved reports, tax money deposited in county depositories shall be paid by such depositories only to treasurers entitled to receive the same, on checks drawn by such tax collector in favor of such treasurer."

In regard to the reports and payments referred to in the next preceding statute (Art. 7250, supra), provision is made in Article 7260, V. A. C. S., for such reports to be made at the end of each month and forwarded to the Comptroller, and for payment to the State Treasurer of all moneys collected by the Tax Collector during said month, "excepting such amounts as he is allowed by law to pay in his county, reserving only his commissions on the total amount collected", and further provision is made in Article 7261, V. A. C. S., for like reports to be made by the Tax Collector to the Commissioners' Court of all the collections made for the county, and payment to the County Treasurer of all taxes collected for the county during said month, "after reserving his commissions for collecting the same".

Article 3938, V. A. C. S., in regard to payment of the Assessor, is as follows:

"The Comptroller, on receipt of the rolls, shall give the assessor an order on the collector of his county for the amount due him by the State for assessing the State taxes, to be paid out of the first money collected for that year. The commissioners court shall issue an order on the county treasurer of their county, to the assessor, for the amount due him for assessing the county tax

Honorable H. D. Garrett, page 4

> of their county, to be paid out of the first money
> received from the collector on the rolls of that
> year."

Article 3941, V. A. C. S., providing for Commissions to the County Treasurer, is as follows:

> "The County Treasurer shall receive commissions on the moneys received and paid out by him, said commissions to be fixed by order of the commissioners court as follows: For receiving all moneys, other than school funds, for the county, not exceeding two and one-half per cent, and not exceeding two and one-half per cent for paying out the same; provided, that he shall receive no commissions for receiving money from his predecessor nor for paying over money to his successor in office."

The effect of the constitutional amendment of 1932 (Sections 14 and 16 of Article VIII, Texas Constitution) providing for the consolidation of the two existing offices of assessor of taxes and collector of taxes, of the statutory enactment putting the said constitutional amendment into effect, and of the statutory law making the sheriff tax collector and assessor in counties within the population bracket of Rains County, is to place upon the shoulders of the sheriff of Rains County all the duties and to confer upon him all the rights that exist by reason of law in the office of tax assessor and collector or of either of said offices as they existed separately prior to said amendment and the enactment of the statute putting the amendment into effect.

Wherever, upon and since the enactment of said statute consolidating the offices of tax assessor and tax collector, the Legislature has changed no law applicable to either office, all of the statutes regulating the conduct of the office of tax assessor and the office of tax collector, which were in force at the time of said enactment, and all laws relative thereto since enacting must be construed as applicable to the new and combined office, unless it is impossible to so construe said laws. Furthermore, insomuch as the Legislature is conclusively presumed to have had knowledge of the decisions of the courts respecting said offices which were rendered prior to said consolidation, the decisions of our courts relative to the duties, privileges and emoluments of a tax assessor prior to said consolidation and relative to said office

Honorable H. D. Garrett, Page 5

of tax collector prior to said consolidation, must now be construed as interpreting the law as same now exists relative to the combined office of assessor-collector of taxes.

Article 3938, V. A. C. S., supra, prescribes the method of payment of the assessor of taxes. Prior to the consolidation of the two offices, in accordance with the directions contained in said Article 3938, the Comptroller gave the assessor an order on the collector for the amount due him by the State for assessing the State taxes, and that was to be paid out of the first money collected for that year. As we understand the law, same is still in full force and effect. The assessor was to be paid for assessing the county taxes in the following manner: The commissioners' court issued an order on the county treasurer of their county to the assessor for the amount due him for assessing the county tax of their county, to be paid out of the first money received from the collector on the rolls for that year.

Said law has not been repealed, by direct act of the Legislature nor by necessary implication. As we understand it, the county tax assessor and collector should now be paid for assessing taxes (a) when the commissioners' court issues an order on the county treasurer of their county to the assessor, (b) and the order so issued is for the amount due him for assessing the county tax of their county, (c) this money is to be paid out of the first money received by the treasurer from the collector on the rolls of that year.

It is plain from the above that so far as the payment of assessor is concerned, the law contemplates that it shall be paid on an order of the commissioners' court directed to the county treasurer of the county. Insomuch as this order is to be paid by the county treasurer it necessarily follows that the money to be paid must first go into the hands of the county treasurer.

The payment to the county collector and assessor for the performance of his duty in the collection of taxes for the county is governed by Article 7261 of the Revised Civil Statutes of Texas. Said statute in brief required the tax collector to make his reports to the commissioners' court of his county of all the tax collections made for the county, and further provides that these reports shall be made monthly

Honorable H. D. Garrett, Page 6

and that all taxes collected during the month shall be paid to the county treasurer, "after reserving his commission for collecting the same".

From the above we are forced to the conclusion that all the tax money collected by the tax collector and assessor for the county "after reserving his commission for collecting the same", should be paid by the assessor and collector into the county treasury. After this money reaches the county treasury the county tax assessor and collector is paid for the assessment of the taxes out of the first tax money collected, in accordance with the statute which formerly applied only to the tax assessor, and which is set out supra (Article 3938). The tax collector is paid for his services in collecting the tax money collected by him in accordance with the statute which, prior to the consolidation of the two tax offices, applied only to the tax collector (Article 7261).

Our answer to your question, therefore, is that the tax collector and assessor shall pay into the county treasury all the county tax money collected by him except such as he reserves as his commission for the collecting of same, on the total amount collected, and that he has no authority of law to reserve any payment out of the tax money collected by him which would go to himself by way of compensation for his assessment of taxes.

The county treasurer should be compensated for his services as county treasurer in accordance with Article 3941, supra. While the fees for assessing, upon which he is paid a commission, have not been coming into the treasurer's actual possession under the practice heretofore existing in your county, the county treasurer was even then entitled to his commission on such fees under the authority of the holding in the case of Presidio County v. Walker, (Civ. App.--writ denied), 69 S. W. 97, as follows:

". . . The appellee, as county treasurer, was, during the term of his office, entitled to receive and disburse the funds of Presidio County, and it was not within the power of the commissioners' court, nor any officer or agent of the county, to deprive him of this official right and duty. He also had the right to his commissions upon money he was entitled to the custody

714

of, and on funds which of right should have been in his possession, and disbursed for the county. . . ." (Underscoring ours)

Believing the above fully answers your question, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert L. Lattimore Jr.
Robert L. Lattimore, Jr.
Assistant

RLL:mp

APPROVED FEB 20 1945

